GEORGE W. WENTWORTH *v.* TOWN OF MILTON.

In a petition for a highway, one terminus was a point in an existing highway, one and a half rods northeasterly from a marked tree standing near the intersection of said existing highway with another road; a motion to dismiss the petition for uncertainty as to this terminus was denied, upon the ground that this marked tree must be taken to stand upon the line of the existing highway, and that the terminus would be found by measuring on the line of such existing highway the required distance from the marked tree, whether it was exactly northeasterly or not.

PETITION for a new highway.

The easterly terminus was described in the petition as "a point in the highway in said Milton leading from Rochester in said county to

Wakefield in our county of Carroll, one and one half rods northeasterly from a rock maple tree spotted and marked H., said tree standing near where the Branch road (so called) intersects with said last named highway in said Milton." The defendant moved to dismiss the petition for defective description of this easterly terminus, and offered to prove that there was no monument or mark on the ground at said point, or anything to designate the locality of said point, except what appears in the petition.

*Wheeler & Hall*, for defendant.

We are unable to see any distinction, either theoretical or practical, between this case and that of *Clement* v. *Burns*, 43 N. H. 614.

All the reasons urged in favor of sustaining this petition would apply to *Clement* v. *Burns*. In that case the distance is about three rods in a southerly direction with a width of six rods and twenty links. Now, no matter whether the road be laid out east or west or south for a distance of three rods, the width is so great that it would be quite as certain what land would fall within the limits of the highway as in this case.

If the petition in *Clement* v. *Burns* is bad for want of definiteness in fixing one terminus, this certainly must be. The insufficiency of this petition is in not fixing the easterly terminus as required by the 67th rule of court. The reference to the maple tree must be considered as fixing on that as an intermediate bound, which is clearly contrary to the rule.

The point of termination is not fixed but shifting. It may be anywhere between a due north and a due east course from the maple.

This case is in no sense parallel to the case of *Crosby* v. *Hanover*, cited by plaintiffs. There the line is given with precision as to course and distance, and the terminus is fixed at a well known monument, the easterly line of Vermont. The words "near the westerly end of the toll bridge" might well have been omitted. They are of no account. The line was fixed upon a certain point of compass exactly, and terminated at a certain line. Had the petition in *Crosby* v. *Hanover* been for a highway southerly or westerly to the Vermont line, near the westerly end of the bridge, it would have been similar to the petition in this case, and we submit insufficient.

The objection to the sufficiency of the petition was seasonably taken. It could not have been taken before the commissioners were upon the ground, because it could not have been ascertained that there was no monument placed in the ground to fix the easterly terminus. ·

The selectmen had no jurisdiction for want of a valid petition. *Clement* v. *Burns*, 43 N. H. 615; *State* v. *Richmond*, 26 N. H. 232. If there was no petition before the selectmen, there was none before the commissioners.

*Small & Sanborn*, for plaintiffs.

I. It is not necessary that the petition describe the road prayed for with minute exactness; it is sufficient if it describes it with reasonable certainty. *Clement* v. *Burns*, 43 N. H. 614; *Cole* v. *Canaan*, 29 N. H. 88, 93; *Crosby* v. *Hanover*, 36 N. H. 404, 416, 417; *State* v. *Rye*, 35 N. H. 380.

II. The easterly terminus is sufficiently certain and is plainly fixed.

That terminus is a "point" only one and a half rods distant from a rock maple tree spotted; and the road asked for being four rods wide, the tree would not be beyond the limits of the road, regarding the "point" as the centre; and the tree may well be regarded as substantially the terminus.

Again, the "point" is one and a half rods *northeasterly* of the tree, and so may be readily and easily enough ascertained for all practical purposes. The course from the tree must be somewhere between *north* and *east;* and we claim it must be exactly northeast, there being nothing in this regard to define it further. *Proctor* v. *Andover*, 42 N. H. 353.

In this respect this case differs from the case of *Clement* v. *Burns*. There the only description of one terminus was the course from the other terminus to the river; "southerly to Cocheco river;" and if, as the court intimated, any course south of east, or south of west, would have answered the call of the petition, the variance in this case could be but half as much, and in the distance of one and a half rods it could be but very slight.

Again, the "point" is described in the petition, not merely as being *one and a half rods* from *the tree*, and *northeasterly* therefrom, but as *being in the highway in Milton*, leading, &c., which still further limits and fixes the point, and makes it definite; and it is not pretended that said highway, at that place, is not, in fact, northeasterly of said tree.

Once more. If further description of this terminus were necessary, it would be found in the description of the location of the tree, "standing near where the *branch road* (so called) *intersects with said last named highway* in said Milton."

If the petition had described this terminus as *at or near* a rock maple tree, or at or near such tree, near where the branch road, so called, intersects, in said Milton, the highway leading from Rochester to Wakefield, there could have been no doubt of its sufficiency. Authorities before cited. Or, if it had been described as a point in such highway *near* such tree, it would have been good. *Crosby* v. *Hanover*, 36. N. H. 417. Can the description be any less certain and definite, when it gives the exact distance and course the point is from the tree?

Again, if the point on the highway, and the tree, and the course and distance of it from the tree, do not make a terminus sufficiently certain, these parts of the description may all be rejected, and there will be enough left to fix the terminus with all necessary and reasonable certainty, namely: "Near where the branch road, so called, intersects with

the said last named highway in Milton," to wit, the road leading from Rochester to Wakefield.

In *Crosby* v. *Hanover* the road, as laid out, stopped eighty feet short of the monument described in the petition; but its termination was described as near the terminus mentioned in the petition, and it was held good.

Nor is it material that there is no visible monument at the "point" in the highway; because, from other permanent and visible monuments given in the description in the petition, the point in the highway can be found with reasonable certainty. *Crosby* v. *Hanover*, 36 N. H. 417; *Proctor* v. *Andover*, 42 N. H. 353.

III. The objection now taken has been waived.

The commissioners have laid out the highway in the town of Milton, upon a petition representing that the petition had been presented to the selectmen of Milton, who had declined to lay out the road; and so the objection now taken has been waived. *Stevens* v. *Goffstown*, 21 N. H. 454; *Petition of the Town of Gilford*, 25 N. H. 124; *State* v. *Richmond*, 26 N. H. 243; *Steele's Petition*, 44 N. H. 220; *Rules of Court*, 70.

BELLOWS, J. It is clear that the easterly terminus of the highway prayed for is a point in an existing highway, and the question is, whether that point is designated with a reasonable degree of distinctness in the petition. It is there stated to be one rod and a half northeasterly of a certain marked tree standing near the intersection of this existing highway with the Branch road so called.

If this marked tree stands on, or by the side of, this existing highway, as it may, and as the terms used would seem to indicate, the point of beginning would be reached by measuring off one rod and a half from this tree, moving northeasterly, but in the direction in which that highway runs, whether it be exactly northeast, or varying a few points. In such a case it is obvious that the measurement should be upon the highway, because there is the point of beginning.

If the tree stood at a distance from the existing highway, and was itself one terminus, and the highway at a point northeasterly from the tree the other, it would then be something like the case of *Clement* v. *Burns*, 43 N. H. 614, which is cited by the defendant's counsel. There, however, the course in the petition was *southerly* from the first terminus to Cochecho river, without designating any point on that river, and the laying out was on the course south, twenty-one degrees east. So, that if it had been understood that the term *southerly* should be construed as due south, the laying out would have been invalid.

In the case before us now, the term *northeasterly* may be regarded as qualified by the course of the old highway, upon the familiar principle that monuments will govern courses and distances, and therefore, if the marked tree is upon the highway, and the point to be reached is also upon the same highway, we think it quite obvious that the course of the road must govern, although it might not be exactly northeast;

the term being used to determine which side of the tree the point of beginning was to be, rather than to denote its exact course.

There might, perhaps, be cases where a different view ought to be taken, as if the marked tree stood some distance from the highway, and the only designation of the place of beginning on the highway was by the course laid down; but no such state of things is shown to exist here, and from anything that now appears, we cannot say that the petition is defective.

This makes it unnecessary to consider the construction of the term *northeasterly*, whether it means due northeast or not; as it has been held in some cases where there was no object to direct its inclination to the east or west, as in *Brandt* v. *Ogden*, 1 Johns. Rep. 155, and *Jackson* v. *Reeves*, 3 Caines Rep. 293.

With these views the motion to dismiss is denied.